UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| *In re* FRANK BISHARA,<br><br>                    Debtor.<br>_____<br>FRANK BISHARA,<br><br>                    Appellant,<br><br>     vs.<br><br>ONEWEST BANK, FSB,<br><br>                    Appellee.<br>_____ | Bankr. No. 11-bk-23182-ABL<br><br>Adv. No. 12-ap-01084-ABL<br><br>2:14-cv-00082-RCJ<br><br>**OPINION AND ORDER** |

    This is an appeal of the findings of fact and conclusions of law issued after a bench trial in an adversary proceeding arising out of a pending Chapter 13 bankruptcy case in this District. Debtor–Appellant appeals the Bankruptcy Court's denial of sanctions for violation of the automatic stay. The Court has jurisdiction under 28 U.S.C. § 158(a), and it affirms.

**I.     FACTS AND PROCEDURAL HISTORY**

    The Bankruptcy Court found substantially as follows. Debtor–Appellant filed bankruptcy case No. 11-23182 in this District on August 19, 2011. (*See* Bankr. Ct. Order ¶ 1, Dec. 3, 2013, ECF No. 40 in Adv. No. 12-ap-01084). At the time, Debtor–Appellant owned real property at 8632 Wild Diamond Ave. in Las Vegas, Nevada (the "Property"). (*Id.* ¶ 2). Because within one

year of filing the present bankruptcy petition, Debtor–Appellant had been party to another pending bankruptcy case that was dismissed, and because Debtor–Appellant never asked the Bankruptcy Court to extend the stay in the present bankruptcy case, the stay expired by operation of law thirty days after Debtor–Appellant filed the petition in the present bankruptcy case. (*See id.* ¶¶ 3–4 (citing 11 U.S.C. § 362(c)(3))). The foreclosure sale Appellee OneWest Bank, FSB ("OneWest") conducted on the Property during the pendency of the automatic stay was void ab initio as a violation of the automatic stay; however, OneWest had no knowledge of the bankruptcy case when it conducted the sale, so the violation was not willful, and Debtor-Appellant was not entitled to damages or fees. (*See id.* ¶¶ 5, 7). Also, the lockout of the property by a non-party to the adversary proceeding occurred after the stay had expired and was therefore no violation of the stay at all. (*See id.* ¶¶ 8–9).

## II.   STANDARD OF REVIEW

The bankruptcy court's conclusions of law, including its interpretations of the bankruptcy code, are reviewed de novo, and its factual findings are reviewed for clear error. *See Blausey v. U.S. Trustee*, 552 F.3d 1124, 1132 (9th Cir. 2009). A reviewing court must accept the bankruptcy court's findings of fact unless it is left with the definite and firm conviction that a mistake has been committed. *See In re Straightline Invs., Inc.*, 525 F.3d 870, 876 (9th Cir. 2008).

## III.   ANALYSIS

Debtor-Appellant does not appear to challenge any of the Bankruptcy Court's findings of fact but argues that the violation of the stay became "willful" under the Bankruptcy Code after the stay expired once Appellee became aware of its previous violation and failed to remedy it. Appellee argues that no action or inaction can ever constitute a violation of a stay if the action or inaction occurs after the stay expires. Neither party cites to any appellate decisions squarely addressing the issue, but the Court agrees with Appellee that violation of a stay under § 362 requires a willful act or omission during the pendency of the stay, and it appears clear there was

none here.

Debtor-Appellant complains that Appellee has still not rescinded the void foreclosure sale or "re-transferred" the property to him.  But since the Bankruptcy Court declared the sale to have been void ab initio, Debtor-Appellant has been able to use the Bankruptcy Court's order to prove his good title in the Property (assuming Appellee or an assignee did not properly foreclose anew after the stay expired) in any forum.  Debtor-Appellant's remedy (assuming Appellee or an assignee did not properly foreclose anew after the stay expired) is to record the Bankruptcy Court's order with the county recorder and/or request an order from the Bankruptcy Court expunging the void trustee's deed pursuant to 11 U.S.C. § 105 if Appellee refuses to do it.  It would not be a proper remedy, as Debtor-Appellant suggests, for Appellee (or a third party) to "reconvey" the title, because the Bankruptcy Court has ruled that the trustee's deed is void, such that the putative grantee has nothing to reconvey.  If Debtor-Appellant truly believed he could have sold the Property and obtained substantial equity from the sale but for Appellee's void trustee's sale, Debtor–Appellant could have moved under § 105 in the Bankruptcy Court for an order that OneWest expunge the recorded trustee's deed.  In any case, Debtor–Appellant does not even so much as *allege* in the Adversary Complaint that he had any buyer willing and able to purchase at a price that would have given him any equity or, moreover, that the Bankruptcy Court had permitted a post-petition, pre-confirmation sale of what was likely one of the most valuable assets of the estate, if not the most valuable—an incredibly unlikely situation.  In other words, there is simply no cognizable continuing harm alleged in the Adversary Complaint as to OneWest's actions.

Finally, the Court notes that Appellee is almost certainly correct that the present bankruptcy case was filed in order to thwart the proper foreclosure of the Property.  As Appellee notes, and as the public records of which the Court takes judicial notice confirm, Debtor-Appellant filed the present bankruptcy case after a notice of sale was filed in July 2011, but

before the trustee's sale occurred in August 2011.  Debtor-Appellant filed the present bankruptcy case (his *sixth*) seventeen days after his fifth bankruptcy action was dismissed.[1]

### CONCLUSION

IT IS HEREBY ORDERED that the order of the Bankruptcy Court is AFFIRMED.

IT IS SO ORDERED.

Dated this 2nd day of June, 2014.

_____
ROBERT C. JONES
United States District Judge

---

[1] The Trustee's motion to dismiss the present action is currently pending.